## George H. Schweitzer's Appeal.

---

### Road in Bethlehem Township.

The report of re-reviewers in a proceeding to open a road was confirmed nisi by the court of quarter sessions and at a subsequent term, after hearing and dismissing exceptions, was referred back to them to annex a draft of the proposed road. Thereafter the report of re-reviewers to order of court to annex draft was filed and confirmed nisi, and on the same day a decree was filed opening the road. Affirmed on certiorari.

(Argued March 9, 1887. Decided March 21, 1887.)

July Term, 1886, No. 192, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Certiorari to the Quarter Sessions of Northampton County to review proceedings laying out a public road. Affirmed.

The record discloses the following proceedings:

On petition, presented September 22, 1884, by divers inhabit-

ants of the township of Bethlehem, for the laying out of a public road from Easton to Freemansburg (through lands of one George H. Schweitzer), the court, October 3, 1884, appointed viewers. October 17, 1884, the report of these viewers was presented, filed, and confirmed nisi and an opening order was granted. November 3, 1884, a petition for review was presented and on November 17, 1884, an order to review was issued. Reviewers were appointed whose report was presented and filed December 11, 1884, and confirmed nisi.

January 5, 1885, a petition for re-review was presented, and January 9, 1885, an order was issued, and re-reviewers were appointed, whose report, February 9, 1885, was filed and confirmed nisi.

The report, *inter alia,* set out: "And after locating said road we were unable to procure releases from the persons over whose premises the proposed road is to pass; we therefore proceeded to and do now assess the damages occasioned by the locating and laying out of said road as follows, *viz.,* the damages to George H. Schweitzer we assess at," etc.

February 11, 1885, the appellant, George H. Schweitzer, filed exceptions to the latter report, alleging that certain of said re-reviewers were related to one Abram D. Stauffer, the most active of the petitioners for re-reviewers, and that the justice of the peace who swore in the jury and accompanied them during the whole of the view was one of the petitioners for the jury of re-reviewers; that the jury were entertained on the day of the view at the house of said Stauffer and were by him supplied with intoxicating liquor and unduly influenced before they signed the report in favor of the road; that the report contains no draft as required by the order of the court, and no endeavor was made by said viewers to procure from exceptant a release for damages from the opening of the road as required by the order of the court.

Depositions were taken by the parties and, after hearing, the court, June 3, 1885, dismissed the exceptions and referred the report back to the re-reviewers, with directions for them to annex a plot or draft of the proposed road and to return their report so amended.

The opinion of the court was filed June 7, 1886. On June 14, thereafter, "report of re-reviewers to order of court to annex draft, filed and on motion of P. M. Gernet, Esq., confirmed nisi."

On the same day was filed a decree of the court opening said road.

June 16 the appellant, Schweitzer, filed the following exception to the order of the court opening the road:

"Said order was prematurely granted, the report of re-reviewers annexing draft filed, having been same day filed and confirmed nisi, but not confirmed absolutely, as appears on record."

June 20, 1886, this exception was dismissed by the court and exceptant took this writ of certiorari, assigning as error the action of the court in confirming the report of the re-reviewers and dismissing appellant's exceptions thereto, and in directing the road to be opened at the same time when the draft was filed, instead of waiting until the next term for the confirmation of the amended report containing the draft, and in overruling and dismissing Schweitzer's exception thereto.

*W. E. Dorster,* for appellant.—On June 3, 1886, the report was sent back for a draft. June 12, 1886, the report was filed with draft annexed. This, as we understand it, was the first moment when the report was complete, and the first time the draft could be seen by us, and made the subject of an exception if it fell below the requirement of the law. No doubt the court so understood it, for in the opinion of June 3, it does not confirm the report, merely referring the report back to be amended by a draft. But two days after the amended report came in, June 14, 1886, the report was confirmed and the road ordered opened. The draft is objectionable, but we have had no chance to have it corrected. This we think was an error. "An entire term must intervene between the confirmation and the order to open." *Re* Boyer's Road, 37 Pa. 257; *Re* Road, 32 Pa. 282; *Re* McConnell's Mill Road, 32 Pa. 285.

An order to open cannot be made until the term succeeding that at which the width of the road has been determined by the court. *Re* Road, 9 Pa. 69.

It will be noticed that the petition for reviewers was filed January term, 1885. This should have been returned to April term, 1885. Owing to exceptions being filed it was not passed on by the court until June term, 1886, when the report was referred back, and confirmed June 14, without any continuing order. This was irregular.

"If for any sufficient reason it [the report] cannot be made

[to the next term], then the proper course is to apply to the court to continue the order, and to make it returnable to the next succeeding term. A report made and confirmed at a succeeding term or an adjourned court without such previous order is irregular and may be set aside." Stauffer's Appeal (Pa.) 1 Am. L. Reg. 441; *Re* Charlotte Street, 23 Pa. 286; *Re* McConnell's Mill Road, 32 Pa. 285; *Re* Chartiers Twp. Road, 48 Pa. 314; *Re* Baldwin S. Road, 3 Grant Cas. 62.

That court, therefore, erred in dismissing our last exception, which claimed that the order to open was premature.

*Edward J. Fox, Preston M. Gernet,* and *Edward J. Fox, Jr.,* for appellees.—"It is presumed that viewers endeavored to procure releases." *Re* Road, 16 W. N. C. 404.

This court cannot consider the depositions in this case or review the questions of fact, but can only consider questions as to the jurisdiction of the court, or the regularity of proceedings, as it appears from the record, of which the depositions form no part. *Re* Germantown Ave. 99 Pa. 479; *Re* Road, 11 W. N. C. 429; *Re* Road, 2 Sad. Rep. 572.

PER CURIAM:

On this certiorari, we can review the record only. In this there is no error. As the evidence does not constitute a part of the record we cannot review it.

Judgment affirmed.